IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDY SANMARTIN,

        Plaintiff,

v.                                                                                   Civ. No. 24-832 DHU/SCY

COPART, INC.,

        Defendant.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Civil Rules of the United States District Court for the District of New Mexico will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Friday, February 21, 2025**, to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR available at the Court's website, www.nmd.uscourts.gov. The parties will fill in the proposed dates, bearing in mind that the time allowed for discovery is generally 150 to 180 days from the date of the Rule 16 Initial Scheduling Conference.[1] The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **Friday, February 21, 2025.** Good cause must be shown and the Court's

---

[1] The parties may also set forth their positions on whether discovery should be stayed pending decision on the motion to dismiss and the Court will hear arguments on the issue during the scheduling conference.

express and written approval obtained for any modification of the case management deadlines that the Court will establish at the scheduling conference.

Whether to set a deadline to serve initial disclosures under Fed. R. Civ. P. 26(a)(1) will be determined at the Court's scheduling conference.

A Rule 16 Initial Scheduling Conference will be held telephonically on **Tuesday, March 4, 2025 at 3:30 p.m.** The parties shall call the WebEx Conference line at (855) 244-8681 [Access Code 2306 150 0346] to connect to the proceedings. When prompted for an Attendee ID number, press #. There may be a short wait before you are prompted for the Attendee ID number. If you encounter technical difficulties, please hang up and redial.

At the Rule 16 scheduling conference, counsel must be prepared to discuss initial disclosures; discovery needs and scheduling; the process for resolving discovery disputes;[2] and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities. Client attendance is not required. If service on all parties is not complete, plaintiff(s) appearing through counsel or pro se, is (are) responsible for notifying all parties of the content of this Order.

**IT IS SO ORDERED.**

*Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.