UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUDY SANMARTIN,

     Plaintiff/Counter Defendant,

v.                                             Case No. 24cv832 DHU/SCY

COPART, INC.,

     Defendant/Counter Claimant.

## <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff initially filed a "Motion to Compel Further Discovery Responses or Notice of Potential Outstanding Discovery-Related Dispute" (Doc. 91) ("Motion"), seeking to compel various discovery responses and/or notify the Court of disputes arising from Defendant's responses to his second set of discovery requests. Defendant opposes the Motion on numerous grounds, including that it is untimely and procedurally defective. Doc. 92 ("Response"). Following Plaintiff's filing of the Motion, the parties attempted to address several outstanding discovery issues. Plaintiff, believing those efforts were unsuccessful, later filed a Reply in Support of his Motion to Compel, raising several new arguments related to Request for Production No. 13. Doc. 105 ("Reply"). Defendant thereafter filed a Motion for Leave to File a Surreply. Doc. 108.

As set forth below, the Court denies Plaintiff's Motion. Plaintiff failed to attach the disputed discovery requests and responses as required by this District's Local Rule 37.1, precluding meaningful review of the Motion. The Motion is also untimely under Local Rule 26.6, which requires discovery motions to be filed within twenty-one days of the challenged responses, a deadline Plaintiff neither satisfied nor extended. Finally, Plaintiff failed to comply

with the meet-and-confer and certification requirements under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1(a). Each of these deficiencies warrants denial of the Motion.

**BACKGROUND**

The parties' dispute stems from two sets of written discovery that Plaintiff served Defendant. Doc. 72. Though unclear when Plaintiff served the first set of interrogatories and requests for production,[1] Defendant provided its answers, responses, and objections on September 10, 2025. Doc. 60. Plaintiff objected to Defendant's responses on January 21, 2026, sending Defendant a "Good Faith Meet and Confer Letter," which listed eight responses Plaintiff believed to be deficient or outstanding. Doc. 105-1 at 2-3. On January 21, 2026, Plaintiff also served his second set of interrogatories and requests for production and first requests for admission to Defendant. Doc. 72. Defendant responded to Plaintiff's second set of written discovery and to Plaintiff's objections to Defendant's answers, responses, and objections to the first set of written discovery on March 4 and 5, 2026. Doc. 85, Doc. 92 at 2-3, Doc. 92-4. Defendant also advised, "[l]et me know a good time for you to meet and confer." Doc. 92-3 at 3.

Plaintiff sent a letter to Defendant on April 10, 2026, pointing out deficiencies in both Defendant's supplemental responses to Plaintiff's first set of written discovery and responses to his second set of written discovery. Doc. 105-2. Defendant asserts it did not receive Plaintiff's April 10 letter. Doc. 92 at 6. Plaintiff filed this instant Motion on May 1, 2026.[2] Doc. 91.

---

[1]*See* D.N.M.LR-Civ. 26.2 (requiring parties to file a certificate of service for requests and responses for interrogatories, requests for production or inspection, and requests for admission).

[2] The Court's scheduling order required all discovery motions to be filed no later than May 1, 2026. Doc. 80. Defendant argues Plaintiff's motion should be denied as untimely because Defendant received the CM/ECF notice of filing on May 2, 2026. Doc. 92 at 4. CM/ECF notes Plaintiff's transaction as entered on May 2, 2026, at 0:00 AM, but filed on May 1, 2026. Given that Plaintiff filed his motion on May 1, 2026, the Court will not deny the motion as untimely

Defendant filed its Response on May 15, 2026. Doc. 92. On the same day, Defendant filed its Motion for Summary Judgment. Doc. 94.

During this Motion's briefing, Defendant supplemented its objections and responses to Plaintiff's second set of interrogatories. Docs. 99, 100 (filing same on May 21, 2026). On May 29, 2026, Plaintiff asked this Court to extend the deadlines to file his reply in support of his motion to compel and response in opposition to Defendant's motion for summary judgment, as counsel expected the remaining discovery disputes to be resolved without Court intervention. Doc. 101. This Court granted Plaintiff's request for extension on June 1, 2026. Doc. 102.

Plaintiff then filed his Reply on June 5, 2026. Doc. 105 at 4. A few days later, Defendant filed a Motion for Leave to File a Surreply to Plaintiff's Reply in Support of His Motion to Compel. Doc. 108. Plaintiff filed an Emergency Motion to Expedite Motion to Compel Hearing and for Extension of Deadline to File Response in Opposition to Motion for Summary Judgment ("Emergency Motion") on June 11, 2026 (Doc. 109), and Defendant filed its opposition in response on June 12, 2026. Doc. 110. This Court granted in part and denied in part Plaintiff's Emergency Motion, granting Plaintiff's request to extend the deadline to respond to Defendant's Motion for Summary Judgment, staying that deadline until resolution of Plaintiff's Motion. Doc. 111. This Court denied Plaintiff's request for an emergency hearing. *Id.* The Court now considers Plaintiff's Motion to Compel.

**DISCUSSION**

Plaintiff's Motion claims that the parties have been actively conferring over his "second round of discovery requests." Doc. 91 at 1-2. Plaintiff notes he "may not have received all the

---

under the scheduling order. *See Farris v. Roberts*, 2013 WL 12164704 at *2 (D.N.M. May 3, 2013) (noting "it is generally preferable to avoid hyper-technical approaches to litigation").

responses, documents and Verification . . . notably the fact that Defendant objected to Plaintiff's

Interrogatory Nos. 31-38[.]" *Id.* at 2. Plaintiff also argues that Defendant's answers to "several

Requests for Admission" failed to include explanation "as required by the Federal Rules of Civil

Procedure." *Id.* Plaintiff asks this Court to compel Defendant to provide explanation. *Id.* Finally,

Plaintiff advises that

> [T]he remaining disputes are mainly with regard to the scope of certain requests
> or objections regarding relevancy, notably, Plaintiff's Request for Production No.
> 12, in which Plaintiff requests job postings it deems as relevant and Defendant
> does not, or the scope of Request for Production No. 13 with regard to prior
> claims, lawsuits or other allegations made by other employees. Therefore,
> Plaintiff requests that Defendant be compelled to more fully answer those and
> other discovery requests for which there are outstanding disputes. For many such
> discovery responses, Defendant refer Plaintiff to documents it has produced or
> will produce[], but does not identify which documents are responsive to which
> discovery requests as required by the Federal Rules of Civil Procedure.

*Id.* 2-3.

As a threshold issue, this Court lacks sufficient information to determine the sufficiency

of Defendant's discovery responses. Local Rule 37.1 requires moving parties to attach disputed

discovery requests and responses to their motions to compel for the court's review. D.N.M.LR-

Civ. 37.1. Plaintiff failed to attach same to his Motion, therefore frustrating this Court's

deliberative role and rendering it without enough information to find in Plaintiff's favor. *Thymes

v. Verizon Wireless, Inc.*, CV 16-66 KG/WPL, 2017 WL 4534838, at *3 (D.N.M. Feb. 9, 2017);

*see also Martinez v. Easter Seals Santa Maria El Mirador, Inc.*, 2014 WL 12597407, at *3-4

(D.N.M. Oct. 7, 2014) (denying motion to compel for movant's failure to attach documentation

required by D.N.M.LR-Civ. 37.1).

Indeed, outside his failure to attach the discovery requests and responses at issue, Plaintiff

makes no specific arguments in his motion as to how Defendant's discovery responses are

insufficient; accordingly, the Court is unable to evaluate whether Defendant should be compelled

to provide further responses. Rather than seeking a ruling on a matter in dispute, Plaintiff appears to have filed his motion more as a placeholder. Doc. 91 at 2 (acknowledging the motion may be premature). If a discovery-motion deadline approaches before the parties have completed the meet and confer process, the proper remedy is to seek an extension of the deadline from the Court—not to file a placeholder motion. *Cty. Of Las Cruces v. U.S.*, Civ. No. 17-809 JCH/GBW, 2021 WL 5207098, at *11-12 (D.N.M. Nov. 9, 2021). This process conserves judicial resources and litigation costs. *Lipscher v. Equifax Info. Servs. LLC*, CIVIL NO. 11-509 BB/LFG, 2011 WL 13277215, at *1-2 (D.N.M. Dec. 7, 2011)

Plaintiff attempts to narrow the scope of the discovery dispute in his Reply. He notes he "was mainly interested in receiving supplementation of Defendant's Response to its Request for Production Number 13, which asked for claims and reports filed by other employees against [Defendant] based on discrimination or retaliation." Doc. 105 at 2-3. Plaintiff asserts that he told Defendant he would not pursue further supplementation of other disputed responses if Defendant supplemented Request for Production No. 13. *Id.* at 2-3. By June 3, 2026—during briefing on the present motion—Plaintiff asserts that Defendant was unable to locate responsive documents. *Id.* at 3. Plaintiff now alleges that Defendant has acted in bad faith and delayed the matter, asserting that he needs the information to respond to Defendant's Motion for Summary Judgment. *Id.*

Plaintiff's arguments concerning Request for Production No. 13 are raised for the first time in Plaintiff's reply brief, and for that reason alone they cannot prevail. *Reedy v. Werholz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.") (cleaned up). Even overlooking that defect, Plaintiff's Reply offers no argument as to why the Court should compel a further response to Request for Production No. 13. That is, in response to the request, Defendant wrote,

"limiting its Response to the time period of 2021 to 2023 and to employees that reported to James Sario, Copart states there are no documents responsive to this Request."[3] Doc. 106-2 at 4. Plaintiff offers no argument in his reply as to why this response is insufficient.

Additionally, Plaintiff's objections regarding Request No. 13 are untimely under Local Rule 26.6. Local Rule 26.6 requires all opposed discovery motions—including motions to compel—to be filed within twenty-one days of the disclosure, response, answer, or objection that is subject of the motion, unless the parties otherwise agreed to extend this deadline or the Court extended the deadline. D.N.M.LR-Civ. 26.6. This Court advised Plaintiff of the twenty-one-day deadline on more than one occasion. *See* Doc. 35 at 1 n.1; Doc. 80 at 1 n.1. Here, Defendant served its responses to Plaintiff's first set of written discovery, including Request for Production No. 13, on September 10, 2025. Doc. 60. Thus, Plaintiff's deadline to move to compel, or seek an extension of time to move to compel, was October 13, 2025. However, Plaintiff did not raise objections to Defendant's responses until nearly seven months after that deadline. Failure to file a motion to compel within twenty-one days after production constitutes acceptance of a party's objection. D.N.M.LR-Civ. 26.6. Therefore, despite Defendant's good faith efforts to supplement Response No. 13 during briefing (Doc. 105 at 2-3), Defendant's objection and response to Plaintiff's request is deemed accepted. D.N.M.LR-Civ. 26.6. Plaintiff's deadline to file a motion

---

[3] Request for Production No. 13 requested "any and all documents related to prior claims, lawsuits, discrimination Charges, allegations, complaints and/or reports of disability discrimination and/or worker's compensation or FMLA retaliation as further explained in and as related to Interrogatory No. 32." Doc. 106-2 at 4. Defendant objected to Request for Production No. 13, in part, because they were under the impression that Interrogatory No. 32 exceeded the limit permitted by this Court's scheduling order (Doc. 35), which they now acknowledge was an error. *See* Doc. 92 at 2 (agreeing to supplement its responses to Interrogatory Nos. 31-38 in light of amended scheduling order permitting up to fifty interrogatories). Defendant, however, did initially search for documents responsive to the request within the time period of 2021 to 2023 regarding certain employees in its original response to Plaintiff's request.

to compel is "not tolled just because the party seeking discovery has tried to work with the resisting party to resolve the dispute." *Garcia v. Crossmark, Inc.*, No. Civ. 13-0693 MV/LAM, 2014 WL 12791242, at *2 (D.N.M. May, 29 2014). Plaintiff's failure to timely file his Motion is also grounds to deny it. *Thymes*, 2017 WL at *2.

The Court further denies Plaintiff's Motion to Compel because he failed to meet and confer as required by Local and Federal Rules. Under Local Rule 7.1(a), a movant must determine whether a motion is opposed and certify that a good-faith request for concurrence was made. The failure to include this certification, by itself, is grounds for summary denial. *Id.* Plaintiff's Motion contains no certification that he sought Defendant's position before filing. Combined with Plaintiff's failure to attach the materials required by Local Rule 37.1 and his failure to comply with the deadline imposed by Local Rule 26.6, summary denial of the Motion is warranted. *See Lipscher*, 2011 WL at *2 (recognizing that summary denial of a motion to compel is a "harsh sanction" but appropriate where moving party fails to meet and confer).

Not only does Plaintiff fail to expressly make this certification, but Plaintiff failed to attempt to meet and confer in good faith as required by Federal Rule 37(a)(1), further justifying summary denial of his Motion to Compel. Federal Rule 37(a)(1) requires a moving party compelling discovery to certify that they made a good-faith effort to resolve the dispute *before* seeking court involvement. Fed. R. Civ. P. 37(a)(1); *see also Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 722-23 (noting Local Rule 7.1(a) and Federal Rule 37(a)(1) "parallel" one another). "Whether the parties engaged in a good-faith conference" under Rule 37 "will involve a case-by-case consideration of the facts[.]" *Id*. Good faith efforts may be demonstrated by telephonic conferences, contemporaneous email communications, or personal meetings amongst the parties. *Id.* Further, "[l]etters may be a good start or part of the process, but ultimately, there

must be some simultaneous, or sufficiently detailed, comparison of views." *Benavidez*, 319

F.R.D. at 724; *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456,

459 (D. Kan. 1999) (noting the parties should "deliberate, confer, converse, compare views, or

consult with a view to resolve the dispute without judicial intervention"). This process "is not

simply a technical hoop through which a litigant must jump. Rather, [it] is intended to reduce

litigation costs and expedite the ultimate disposition of litigation by having counsel, in good

faith, attempt to resolve discovery disputes *before they ripen into a formal motion*." *Farris v.

Roberts*, No. 12cv221 MV/LFG, 2013 WL 12164704, at *1 (D.N.M. May 3, 2013) (emphasis

added).

Plaintiff's Motion fails to demonstrate that he engaged in contemporaneous

communication with Defendant regarding the outstanding discovery dispute—Request for

Production No. 13—prior to filing. In Plaintiff's January 21 "Good Faith Letter," he notes his

disagreement with Defendant's answers to Interrogatory Nos. 1, 14, 16, 17, and 18, and

responses to Request for Production No. 1. Doc. 92-2 at 2-3. Plaintiff also observed that

Defendant had several outstanding responses that stated Defendant was "willing to meet and

confer with Plaintiff about the scope of the request and/or the sufficiency of any objections." *Id.*

at 1. Defendant wrote back on March 4 and 5, 2026, supplementing its answers and responses to

Interrogatory Nos. 1, 14, 16, 17, 18, and Request for Production No. 1, asking Plaintiff for a

"good time . . . to meet and confer." Doc. 92-3, Doc. 92-4. Defendant also attached unredacted

BATES numbered COPART007146, -7256, and -000005. Doc. 92 at 1-2. The Court is unable to

discern any specific objections by Plaintiff regarding Request for Production No. 13.

Plaintiff sent Defendant a second "Good Faith Letter" on April 10, 2026, which

Defendant asserts it did not receive. Doc. 105-2, Doc. 92 at 6. This letter did, however, dispute

Defendant's objections to Plaintiff's Request for Production No. 13, as well as a few other items.

Doc. 105-2. Plaintiff wrote,

> There appear to be several issues we still need to meet and confer on. Can you please let me know when you are available, or send supplemental responses that address the following deficiencies?
>
> . . . .
>
> Please respond at your earliest convenience. If we cannot work out these discovery disputes between ourselves, then I plan to file a motion to compel, or I propose, to let the magistrate judge know that we are having a dispute and seek guidance from the Court before spending unnecessary time and resources with briefing if it is not necessary.

*Id.* Plaintiff, having not heard from Defendant, filed the instant Motion on May 1, 2026. Doc. 91.

In other words, Plaintiff raises his objection—for the first time—to Defendant's response to

Request for Production No. 13 on April 10, 2025. The record demonstrates that the parties did

not meet and confer regarding any of the April 10 objections until after Plaintiff filed his Motion.

Doc. 92 at 2. It was not until briefing that Defendant apparently learned of these objections. *See*

Doc. 92 at 6-7 (advising that Defendant never received the "follow up" letter referenced in

Plaintiff's Motion); Doc. 105-2 (attaching "follow up" letter referenced in Plaintiff's Motion);

*see also* Doc. 108 at 3 (requesting leave to file surreply to address, in part, the "follow up"

letter).

This limited exchange falls short of demonstrating the contemporaneous, deliberate, comparison of views Federal Rule 37(a)(1) contemplates. *Benavidez*, 319 F.R.D. at 724;

*Cotracom*, 189 F.R.D. at 459. Moreover, Plaintiff's decision to file the Motion without any

further attempt to resolve the April 10 discovery disputes suggests that he fell short of engaging

in the meaningful effort to resolve those issues without court intervention that Rule 37(a)(1)

requires. Federal Rule. Fed. R. Civ. P. 37(a)(1) (requiring certification that the movant tried and

failed to resolve discovery dispute "without court action"); *Farris*, 2013 WL at *1 (noting same);

Doc. 27 at 2 n.2 (Initial Scheduling Order, noting that "[t]he Court will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion . . . . A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.").

**CONCLUSION**

Accordingly, in light of the deficiencies identified above, the Court DENIES Plaintiff's Motion to Compel (Doc. 91). As a result, Defendant's motion for leave to file a surreply (Doc. 108) is denied as moot.

Because the Court denies Plaintiff's motion, it also denies his request for fees. Additionally, because Defendant supplemented several discovery responses in response to Plaintiff's motion to compel—i.e. Interrogatories Nos. 31-38 which it initially refused to respond to on the basis of an invalid objection—the Court also denies Defendant's request for fees. *See* D.N.M. LR-Civ. 37(a)(5)(C).

Lastly, Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment (Doc. 94) is reset to **Wednesday, July 1, 2026.**

_____
UNITED STATES MAGISTRATE JUDGE